**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:09-CR-262-2 |
| v. | (JUDGE CAPUTO) |
| DEMARIO ANTUAN WHITE, | |
| Defendant. | |

## MEMORANDUM

Presently before this Court is Defendant Demario Antuan White's Motion to Correct Sentence (*Doc*. 132) under 28 U.S.C. § 2255. This Motion will be denied because the Defendant knowingly and intelligently waived his right to collaterally attack his sentence and the denial of the Motion does not result in a miscarriage of justice.

## I. Background

On August 25, 2009, a Grand Jury charged Defendant Demario Antuan White ("Defendant") in a five-Count Indictment. (*Doc*. 1.) Years later, on January 6, 2011, the Defendant pled guilty to Count Three of the Indictment, which charged him with a violation of 18 U.S.C. § 924(c). (*Doc*. 90.) Specifically, this Count charged the Defendant with "knowingly us[ing], carr[ying], brandish[ing], and discharg[ing] a firearm . . . during and in retaliation to, and in furtherance of a crime of violence." (*Id.*) The predicate "crime of violence" was attempted kidnaping in violation of 18 U.S.C. § 1201(d).

Defendant's guilty plea was pursuant to a written plea agreement. (*Doc*. 77.) The parties had agreed to a sentence of ten years imprisonment. (*Doc*. 77, at ¶ 10(A).) Additionally, this agreement contained an appellate waiver, which included a specific waiver of rights to challenge his conviction or sentence through a motion under 28 U.S.C. § 2255. (*Doc*. 77, at ¶ 21.)

On July 28, 2011, after reviewing the written plea agreement, the recommendations

contained in the pre-sentence report, and the relevant statutory guidance, I sentenced the Defendant to 120 months–or ten years–imprisonment for Count Three of the Indictment. (*Doc.* 107.) Notably, this was a guideline sentence consistent with the plea agreement. At that time, the Government dismissed the remaining counts in the Indictment. (*Id.*)

In light of recent developments in the law, Defendant has filed a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. Principally, the Defendant argues that following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction and sentence under 18 U.S.C. § 924(c) violates due process and should be vacated because attempted kidnaping is no longer considered a "crime of violence."

## II. Discussion

### A. Legal Standard: 28 U.S.C. § 2255

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. *See Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In exercising that discretion, the Court must decide whether the petitioner's claims, if proven, would entitle petitioner to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. *See Gov't of the*

*Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d. Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *see also Forte*, 865 F.2d at 62.

**B.    Validity of Appellate Waiver**

The Government argues that the appellate waiver contained in the Defendant's plea agreement should be enforced, and as a result, the instant motion should be denied. The Defendant contends that the appellate waive is inapplicable because its enforcement would result in a miscarriage of justice. I agree with the Government and will enforce the waiver.

The Third Circuit has established a two-part test to determine the validity of an appellate waiver. *See United States v. Khattack*, 273 F.3d 557, 558 (3d Cir. 2001). First, a court must determine whether the waiver was entered into "knowingly and voluntarily." *Id.* at 562. Second, a court must assess whether enforcement of the waiver "works a miscarriage of justice." *Id.* "[W]aivers of appeal, if entered into knowingly and voluntarily, are valid unless they work a miscarriage of justice." *Id.* at 563; *see also United States v. Fazio*, 795 F.3d 421, 425-26 (3d Cir. 2015) (finding that waivers prohibiting collateral-attack are valid so long as they are entered into knowingly and voluntarily and do not result in a miscarriage of justice).

As an initial matter, there is no question that the Defendant knowingly and voluntarily entered into a plea agreement that contained an appellate waiver. Defendant's sole argument is that the appellate waiver is inapplicable because it would preclude him from attacking his sentence with a new development in the law. However, it is well established that "subsequent changes in the law do not undercut the validity of an appellate waiver." In fact, the Supreme Court has explained that "where subsequent developments in the law expand a right that a defendant has waived in a plea agreement, that change does not make the plea involuntary or unknowing or otherwise undo its binding nature." *United States*

3

*v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005) (citing *United States v. Brady*, 397 U.S. 742, 757 (1970)). For this reason, the first prong of the test set forth in *Khattack* is satisfied.

Before analyzing the second *Khattack* factor, it is worth noting that the Third Circuit has refused to invalidate appellate waivers premised on a change in law following the Supreme Court's decision in *Johnson*. *See United States v. Agurs*, 629 Fed. App'x 288, 290 n.6 (3d Cir. 2015); *see also United States v. Thompson*, No. 16-cv-907, 2017 WL 916337, at *9 (W.D. Pa. Mar. 8, 2017) (finding that subsequent legal developments do not undermine [a defendant's] waiver of his right to collaterally attack his sentence."). *But see United States v. Swerdon*, 12-cr-87, 2016 WL 4988065, at *6 (M.D. Pa. Sept. 19, 2016). There, in *United States v. Agurs*, the Circuit briefly explained that a defendant did not preserve his right to challenge his career offender enhancement–following the Supreme Court's decision in *Johnson–because* he had agreed to an appellate waiver. 629 Fed. App'x at 290 n.6. Further, enforcement of the waiver did "not constitute a miscarriage of justice." *Id.* at 290.

As the Third Circuit found in *Agurs*, I will find that this waiver does not result in a miscarriage of justice.[1] To determine whether enforcement will amount to a miscarriage of justice, the Third Circuit instructs that I consider:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Khattack*, 273 F.3d at 563. First, "because [the defendant] entered into a plea agreement, he cannot demonstrate the gravity of the alleged error." *Mabry v. Shartel*, 632 Fed. App'x 707. 711 (3d Cir. 2015). Second, the impact on the government would be great. Not only would the government have to re-litigate a nearly ten-year old crime, but the government

---

[1] The miscarriage of justice exception, which serves to void an otherwise legitimate waiver, is to be applied "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005).

4

would also find itself litigating more of these actions as prisoners learn of yet another avenue to challenge the propriety of their sentences. *Id.* Finally, it is evident that the Defendant acquiesced in the result. To hold otherwise would corrupt the bargain struck between the Government and the Defendant.[2] Thus, the enforcement of the appellate waiver at issue would not result in a miscarriage of justice.

Because the waiver was knowing and voluntary and its enforcement does not result in a miscarriage of justice, the waiver is valid. Therefore, Defendant's Motion must be denied.

## C. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue. *See* 3rd Cir. LAR 22.2. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253.

Here, jurists of reason may find it debatable whether the Defendant's collateral-review waiver is enforceable. *See Swerdon*, 2016 WL 4988065, at *6. Therefore, a certificate of appealability will issue.

---

[2] *See Khattak,* 273 F.3d at 561 ("Allowing defendants to retract waivers would prolong litigation, affording defendants the benefits of their agreements while shielding them from their self-imposed burdens."); *see also Young v. United States*, 124 F.3d 794, 798 (7th Cir. 1997) ("If the law allowed the defendant to get off scot free in the event the argument later is shown to be a winner, then the defendant could not get the reduction in the first place. Every plea would become a conditional plea, with the (unstated) condition that the defendant obtains the benefit of favorable legal developments, while the prosecutor is stuck with the original bargain no matter what happens later. That approach destroys the bargain, and the prospect of such an outcome will increase the original sentence.").

### III. Conclusion

For the above stated reasons, Defendant's Motion to Vacate will be denied.

An appropriate order follows.

<div style="display: flex; justify-content: space-between;">

 June 7, 2018  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

</div>